UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **LEROY BOLDEN AND MARIAN BOLDEN** | **CIVIL ACTION** |
| **VERSUS** | **NO. 06-4171** |
| **FEDERAL EMERGENCY MANAGEMENT AGENCY** | **SECTION: "C" (2)** |

## ORDER AND REASONS

Before the Court is a Motion to Dismiss, Alternatively, Motion for Summary Judgment filed by defendant, the Federal Emergency Management Agency ("FEMA") (Rec. Doc. 18). The plaintiffs, Leroy Bolden and Marian Bolden (collectively, "the Boldens") oppose the motion. The motion is before the Court on the briefs, without oral argument. Having considered the memoranda of counsel, the record and the applicable law, the Court finds that the motion is **PARTIALLY GRANTED AND PARTIALLY DENIED.**

I. BACKGROUND FACTS

The Boldens purchased a Standard Flood Insurance Policy ("SFIP") from the defendant, FEMA to insure their property located at 429 S. Clark Street, New Orleans, Louisiana. The policy, which had a coverage limits of $141,200 for the structure and $0 for personal contents, was in effect on August 29, 2005 when the Boldens' property sustained flood damage as a result of Hurricane Katrina.

On August 31, 2005, the National Flood Insurance Program ("NFIP") opened a loss file on the Boldens' property. Then, on October 17, 2005, FEMA tendered $10,000 to the Boldens as partial payment on their anticipated flood insurance claim. Next, FEMA's independent adjustor evaluated the Boldens' property and determined that the flood damage totaled $52,386.96. As a result, the FEMA sent the plaintiffs another check for $42,386.96 to satisfy their claim.

The Boldens were not satisfied with this adjustment. On February 24, 2006, Mr. Bolden sent a letter to FEMA advising it that the insurance adjustment was too low and citing errors made by FEMA's adjustor. This letter prompted the adjustor and his supervisor to re-inspect the Boldens' property on March 15, 2006. This reinspection resulted in FEMA's making an additional flood insurance payment to the Boldens of $31,029.55. The Boldens have collected a total of $83,916.51 on their flood insurance

claim.

However, the Boldens still did not think that they were fully compensated for their losses. On April 7, 2006, Mr. Bolden sent another letter to FEMA, in which he stated that he would not allow anymore FEMA adjustors on his property and stated that their mistakes have lead to inadequate flood insurance proceeds. Then, on June 20, 2006, FEMA requested documentation to support the Boldens' request for additional payment. FEMA claims that they never received any supporting documentation, nor a signed, sworn proof of loss from the Boldens.

To date, FEMA has not tendered any more flood insurance payments to the Boldens. As a result, the Boldens filed this action alleging that FEMA repeatedly misadjusted their insurance claim. In their complaint, the Boldens allege that they fulfilled all of their obligations under their SFIP and that FEMA negligently and in bad faith failed to properly adjust their claims. They assert that FEMA violated the National Flood Insurance Act ("NFIA"), the flood insurance regulations and the federal common law and federal common law bad faith laws in the adjustment of their flood insurance claim by: (1) failing to timely adjust their flood claims; (2) failing to honor their satisfactory proof of loss; (3) failing to properly train its adjustors and agents; (4) failing to provide its adjuster and agents with proper uniform materials with which to

properly evaluate claims; (5) failing to take into account the economic climate after Hurricane Katrina; (6) failing to account for the increase in labor, materials, costs and time in valuing Petioner's claims.  The Boldens also contend that FEMA violated the NFIA, flood insurance regulations and federal common law bad faith law in the procurement of their SFIP by: (1) failing to provide and/or advise them to secure flood insurance; (2) failing to inform them of flood policy limitations and exclusions; and, (3) under-insuring them.  The Boldens assert that FEMA is liable to them for all damages occasioned by this alleged misconduct as well as attorneys' fees, costs, interest and penalties.

## II. STANDARD OF REVIEW

FEMA filed their motion as a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), or alternatively, as a motion for summary judgment pursuant to Rule 56, for lack fo subject matter jurisdiction.  In making its arguments, FEMA relies upon some letters and affidavits that it attached to its motion.  FEMA's reliance upon more than just the pleadings indicates that its motion must be treated as one for summary judgment, which can be granted only when the "'pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,

show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.'" *Celotex Corp v. Catrette*, 477 U.S. 317, 322, 106 S.Ct. 2548, 2553, 91 L.Ed.2d 265 (1986) (*quoting* FED. R. CIV. PRO. 56(c)). When considering a motion for summary judgment, the district court "will review the facts drawing all inferences most favorable to the party opposing the motion." *Reid v. State Farm Mut. Auto. Ins. Co.*, 784 F.2d 577, 578 (5th Cir. 1986). The court must find "[a] factual dispute . . . [to be] 'genuine' if the evidence is such that a reasonable jury could return a verdict for the nonmoving party . . . [and a] fact [to be] 'material' if it might affect the outcome of the suit under the governing substantive law." *Beck v. Somerset Technologies, Inc.*, 882 F.2d 993, 996 (5th Cir. 1989) (*citing Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986)).

"If the moving party meets the initial burden of showing that there is no genuine issue of material fact, the burden shifts to the non-moving party to produce evidence or designate specific fats showing the existence of a genuine issue for trial." *Engstrom v. First Nat'l Bank of Eagle Lake*, 47 F.3d 1459, 1462 (5th Cir. 1995) (*citing Celotex*, 477 U.S. at 322-24, 106 S.Ct. at 2552-53, and FED. R. CIV. PRO. 56(e)). The mere argued existence of a factual dispute will not defeat an otherwise properly supported motion. See, *Anderson*, 477 U.S. at 248, 106 S.Ct. at 2510. "If the evidence is merely colorable, or is not

significantly probative," summary judgment is appropriate. *Id*. at 249-50, 106 S.Ct. at 2511 (citations omitted).

### III. ANALYSIS

FEMA argues that the Boldens claims against it should be dismissed for lack of subject matter jurisdiction. First, FEMA asserts that the Boldens failed to comply with the requirements of their SFIP, such as submitting a signed, sworn proof of loss within one year of the loss.[1] Second, FEMA argues that the Boldens are attempting to bring extra-contractual claims for which Congress did not waive sovereign immunity. Finally, FEMA contends that any tort claims asserted by the Boldens must be dismissed because the Boldens did not submit a claim to the appropriate agency as required by the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 1346(b), § 2671, *et. seq*.

### EXTRA-CONTRACTUAL CLAIMS

FEMA argues that the Boldens attempt to assert extra-contractual claims for

---

[1] The Boldens provide a copy of the proof of loss that they sent to FEMA via certified mail on August 22, 2006, which was signed for on August 25, 2006 by Dennis J. Galiano. Rec. Doc. 19.  As a result, FEMA filed a reply memorandum in which it concedes that it "must accept this evidence as proof of the plaintiffs' timely submission of a signed, sworn proof of loss," and abandons this basis for dismissing the case.  Rec. Doc. 26.

which Congress has not waived sovereign immunity.  According to FEMA, the NFIA limits suits to claims on the flood insurance policy and does not provide for losses resulting from fraud, misrepresentations or any other tortious or extra-contractual activities.  FEMA argues that the Boldens have tried to re-label state law claims as "federal common law claims" and that these claims must be dismissed.  Specifically, it contends that the Boldens claims that FEMA violated the NIFA, flood insurance regulations and federal common law and federal common law bad faith laws in the adjustment of their flood claim in various ways should be dismissed.

The Boldens, on the other hand, argue that these claims arise under the federal common law.  They point out that, although the Fifth Circuit has held that the NFIA preempts state law bad faith claims, it has not ruled on whether federal common law bad faith claims are also preempted. *See Gallup v. Omaha Ins. Co.*, 434 F.3d 341, 345 n.2 (5th cir. 2005)  The Boldens also argue that they are entitled to attorneys fees because the district court has the power to award attorneys fees when the losing party has acted in bad faith, vexatiously, wantonly or for oppressive reasons.  *See Dwyer v. Fid. Nat. Prop. & Cas. Ins. Co.*, 2007 WL 1063268 (E.D.La. 4/3/2007). Alternatively, they argue that they are entitled to attorneys fees under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2414 (d).

The SFIP for dwellings is found in the regulations promulgated by FEMA under the NFIA. 44 C.F.R. § 61, App. A(1). The last section of the SFIP, which pertains to what law governs it, provides that: "[t]his policy and all disputes arising from the handling of any claim under the policy are governed exclusively by (1) the flood insurance regulations issued by FEMA, (2) the [NFIA], and (3) federal common law." *Id.* The Fifth Circuit and many district courts in that circuit have read this language as an express preemption of state law tort causes of action arising from the handling of claims under an SFIP. *See Wright v. Allstate Ins. Co.*, 415 F.3d 384, 390 (5th Cir. 2005); *Dickerson v. State Farm Fire and Cas. Co.*, 2007 WL 1537631 (E.D.La. 5/23/2007); *Durkin v. State Farm Mut. Ins. Co.*, 3 F.Supp.2d 724 (E.D.La. 1997); *Faust v. State Farm Fire and Cas. Co.*, 2007 WL 1191163 (E.D.La. 4/20/2007); *Windes v. Haeuser Ins. Agency, Inc.*, 2007 WL 316998 (E.D.La. 1/30/2007).

In *Dickerson v. State Farm Fire and Cas. Co.*, the plaintiffs brought exactly the same claims regarding the adjustment of their flood claim as the Boldens. 2007 WL 1537631 (E.D.La. 5/23/2007). The Dickersons, like the Boldens, tried to label these causes of action as "federal common law claims." *Id.* However, Judge McNamara found that the Dickersons did not assert any recognized federal common law theories, but rather re-labeled state law claims as federal common law claims. *Id.* He declined to create new

federal common law extra-contractual causes of action in the context of SFIP claims handling and dismissed those claims. *Id.* However, Judge McNamara did not dismiss the Dickerson's extra-contractual claims arising from procurement of the SFIP, because the *Wright* Court did not address whether procurement-based extra-contractual claims are preempted. *Id.* at *3 (*citing Wright*, 415 F.3d at 390).

As mentioned above, the Boldens pointed out that the Fifth Circuit has not passed on the issue of whether or not federal common law bad faith claims exist under the NFIA. *See Gallup,* 434 F.3d at 345 n.2. However, they do not cite any authority to support their argument that their extra-contractual causes of action regarding the handling of their flood insurance claim arise under the federal common law, rather than state law. Accordingly, these claims should be dismissed. However, as shown above, the Boldens extra-contractual causes of action arising from the procurement of their SFIP should not be dismissed at this time.

The Boldens also argue that their claims for attorneys fees should not be dismissed because the court has the power to award them attorneys fees if they prevail and show that FEMA acted in bad faith, vexatiously, wantonly or for oppressive reasons or, alternatively, under the EAJA, 28 U.S.C. § 2414 (d). In *Dwyer v. Fid. Nat. Prop. & Cas. Ins. Co.*, the Court recognized the plaintiffs right to recover attorneys fees,

but held that the defendant's conduct did not rise to the level of bad faith, vexatious, wanton or oppressive conduct that is required. 2007 WL 1063268 (E.D.La. 4/3/2007). However, the *Dwyer* court did find that the plaintiffs were entitled to attorneys fees under the EAJA because their suit against their WYO insurance provide was really a suit against the United States and that the insurer's conduct was not justified to a degree that could satisfy a reasonable person. *Dwyer v. Fid. Nat. Prop. & Cas. Ins. Co.*, 2007 WL 2265036 (E.D.La. 8/3/2007); *but see Dickerson*, 2007 WL 1537631 (E.D.La. 5/23/2007) (WYO carrier participating in the NFIP as fiscal agent for the United States was not an agency of the United States as required by the EAJA.)

The *Dwyer* case shows that the Boldens are entitled to attorneys fees if they can prove that FEMA's conduct rose to the necessary levels of bad faith, vexatiousness, wantoness, or oppressiveness. Also, they may be entitled to attorneys fees under the EAJA if FEMA's actions were not justified to a degree to satisfy a reasonable man. *See* 42 U.S.C. § 4072 (2006).

## TORT CLAIMS

Any tort claims that the Boldens seek to bring against FEMA are governed by the Federal Tort Claims Act, 28 U.S.C. § 1346(b), § 2671, *et. seq.* ("FTCA"), which waives the United States of America's ("USA") sovereign immunity for certain money damages

claims. However, under 28 U.S.C. § 2679 the USA is the proper party.[2] Therefore, the USA would be substituted for FEMA as the defendant for any of the Boldens' tort claims.

The FTCA is a waiver of sovereign immunity that must be strictly construed. *See United States v. Sherwood*, 312 U.S. 584, 590-91, 61 S.Ct. 767, 85 L.Ed. 1058 (1941). Congress, in granting a waiver of sovereign immunity, may define the exact conditions of such waiver. *See Honda v. Clark*, 386 U.S. 484, 501, 87 S.Ct. 1188, 18 LED.2d 244 (1967). Under the FTCA a party has two years within which to file a claim for a tort against the federal government. However, the USA's consent to be sued in tort under the FTCA is limited. One such limitation is that the plaintiff must first exhaust his administrative remedies. Specifically, 28 U.S.C. § 2675(a) provides that an action shall not be instituted upon a claim against the USA for money damage unless the claimant has first presented the claim to the appropriate federal agency and his claim has been finally denied by the agency in writing and sent to him by registered mail. The failure of an agency to make a final disposition of a claim within six months after it is filed shall be deemed a final

---

[2] 28 U.S.C. § 2679 provides in pertinent part:
(a) The authority of any federal agency to sue and be sued in its own name shall not be construed to authorize suits against such federal agency on claims which are cognizable under section 1346(b) of this title, and the remedies provided by this title in such cases shall be exclusive.

denial of the claim.  *See* 28 U.S.C. § 2675(a) (2006).  Furthermore, an administrative claim submitted after a lawsuit is filed cannot cure a jurisdictional defect which was present when the suit was filed.  *McNeill v. United States*, 508 U.S. 106, 106, 113 S.Ct. 1980, 1981, 124 LED.2d 21 (1980).

The Boldens have not filed an administrative claim with FEMA alleging any tort claims.  Thus, they concede that to the extent that tort claims can be read from their complaint, they should be dismissed.  However, the Boldens contend that all of their causes of action sound in contract.

The Boldens' claims are described above in the "Background" section of this memo.  Their claims that FEMA: (1)"negligently" failed to properly adjust their flood insurance claim; (2) failed to provide or advise them to procure flood insurance; and, (3) failed to inform them of their policy limits are the only claims that could be read as sounding in tort.  However, they are more properly characterized as arising out of the contract for flood insurance and should not be dismissed on the basis of the FTCA.

**IV. CONCULSION**

For the reasons stated above,

IT IS ORDERED that FEMA's Motion to Dismiss, Alternatively, Motion for

Summary Judgment is hereby **PARTIALLY GRANTED AND PARTIALLY DENIED.**

New Orleans, Louisiana this 28th day of August, 2007.

_____
HELEN G. BERRIGAN
UNITED STATES DISTRICT JUDGE