UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| LEROY BOLDEN ET AL. | CIVIL ACTION |
| VERSUS | NO. 06-4171 |
| FEDERAL EMERGENCY MANAGEMENT AGENCY | SECTION "C" (2) |

## ORDER ON MOTION

APPEARANCES:  None (on the briefs)

MOTION:          Plaintiffs' Motion to Compel Discovery Responses and Deposition
                       and Sanctions, Record Doc. No. 29

O R D E R E D:

 XXX : GRANTED. Plaintiffs served defendant with their first set of written discovery requests on June 1, 2007. Accordingly, written responses were due within thirty (30) days. Fed. R. Civ. P. 33(b)(3) and 34(b). No responses were timely provided. Instead, defendant delayed about one hundred (100) days until September 12, 2007 to provide written responses. When it finally provided written responses, they contained objections.

Defendant's failure to provide timely responses to plaintiffs' interrogatories and requests for production resulted in its waiver of all objections. Fed. R. Civ. P. 33(b)(4); Poulos v. Naas Foods, Inc., 959 F.2d 69, 74 (7th Cir. 1992) (plaintiff "had probably already waived any objection to production by failing to object when disclosure was due"); Marx v. Kelly, Hart & Hallman, P.C., 929 F.2d 8, 10, 12-13 (1st Cir. 1991) (objections to requests for production were waived by failure to make timely objections); McLeod, Alexander, Powel & Apffel v. Quarles, 894 F.2d 1482, 1484 (5th Cir. 1990) (vague objections lacking in specificity were invalid); In re United States, 864 F.2d 1153, 1156 (5th Cir. 1989) ("We readily agree with the district court that[,] as a general rule, when a party fails to object timely to interrogatories, production requests, or other discovery efforts, objections thereto are waived."); accord Autotech Techs. Ltd. P'ship v. Automationdirect.Com, Inc., 236 F.R.D. 396, 398 (N.D. Ill. 2006); Brown-Stahlman v. Charter Trust Co., No. 04-CV-322-SM, 2006 WL 680874, at *1 (D.N.H. Mar. 16,

2006); <u>Banks v. Office of Senate Sgt.-at-Arms</u>, 222 F.R.D. 7, 21 (D.D.C. 2004); <u>Krewson v. City of Quincy</u>, 120 F.R.D. 6, 7 (D. Mass. 1988). Thus, defendant's provision of written responses subject to and containing waived objections is insufficient.

In addition, plaintiffs twice noticed the Rule 30(b)(6) deposition of defendant, once in June and once in July 2007. On both occasions, defendant failed to appear as noticed. Fed. R. Civ. 37(d). Accordingly,

Plaintiffs' motion is granted in all respects.

Defendant must provide plaintiff with a new set of written responses to all of plaintiffs' written discovery, without objection since all objections have been waived, and must produce all materials responsive to plaintiffs' requests for production within ten (10) days of entry of this order.

Defendant must designate one or more persons to provide the testimony sought in plaintiffs' most recent Rule 30(b)(6) notice, on a date and at a time to be mutually arranged by counsel, but no later than within thirty (30) days of entry of this order, and <u>in New Orleans, Louisiana</u>.

Defendant must pay plaintiffs $450.00 to reimburse them for the reasonable costs and fees incurred by plaintiffs in connection with this motion. Fed. R. Civ. P. 37(a)(4)(A).

New Orleans, Louisiana, this __10th__ day of October, 2007.

JOSEPH C. WILKINSON, JR.
UNITED STATES MAGISTRATE JUDGE

2