UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **LEROY BOLDEN AND** | **CIVIL ACTION** |
| **MARIAN BOLDEN** | |
| | |
| **VERSUS** | **NO. 06-4171** |
| | |
| **FEDERAL EMERGENCY** | **SECTION: "C" (2)** |
| **MANAGEMENT AGENCY** | |

## ORDER AND REASONS

Before the Court is a Motion for Summary Judgment filed by defendant, the Federal Emergency Management Agency ("FEMA") (Rec. Doc. 34). The plaintiffs, Leroy Bolden and Marian Bolden (collectively, "the Boldens") oppose the motion. The motion is before the Court on the briefs, without oral argument. Having considered the memoranda of counsel, the record and the applicable law, the Court finds that the motion is **DISMISSED AS MOOT IN PART, AND DENIED IN PART.**

### I. BACKGROUND FACTS

The background facts have previously been described by this Court in its order disposing of FEMA's prior motion for summary judgment (Rec Doc. 27). Briefly, the Boldens purchased a Standard Flood Insurance Policy ("SFIP") from FEMA to insure their property. The policy,

which had coverage limits of $141,200 for the structure and $0 for personal contents, was in effect on August 29, 2005 when the Boldens' property sustained flood damage as a result of Hurricane Katrina. Initially, FEMA's independent adjustor evaluated the Boldens' property and determined that the flood damage totaled $52,386.96. Following a reinspection, FEMA made an additional flood insurance payment to the Boldens of $31,029.55.  Thus, FEMA has paid a total of $83,916.51 on the Bolden's flood insurance claim.

Yet, the Boldens maintain that they were not fully compensated for their losses under the policy. To date, FEMA has not tendered any more flood insurance payments to the Boldens. As a result, the Boldens filed this action alleging that FEMA repeatedly misadjusted their insurance claim. In their complaint, the Boldens allege that they fulfilled all of their obligations under their SFIP and that FEMA negligently and in bad faith failed to properly adjust their claims.

Specifically, the Boldens assert that FEMA violated the National Flood Insurance Act ("NFIA"), the flood insurance regulations and the federal common law and federal common law bad faith laws in the adjustment of their flood insurance claim by: (1) failing to timely adjust their flood claims; (2) failing to honor their satisfactory proof of loss; (3) failing to properly train its adjustors and agents; (4) failing to provide its adjuster and agents with proper uniform materials with which to properly evaluate claims; (5) failing to take into account the economic climate after Hurricane Katrina; (6) failing to account for the increase in labor, materials, costs and time in valuing Petioner's claims. The Boldens also contend that FEMA violated the NFIA, flood insurance regulations and federal common law bad faith law in the procurement of their SFIP by: (1) failing to provide and/or advise them to secure flood insurance; (2) failing to inform them of flood policy limitations and exclusions; and, (3) under-insuring them. Furthermore, the

Boldens maintain that FEMA is liable for all damages occasioned by the alleged misconduct as well as attorneys' fees, costs, interest and penalties.

Previously, this Court dismissed the Boldens "extra-contractual causes of action regarding the handling of their flood insurance claim" Rec. Doc. 27, p. 9. In addition this Court ruled that the "extra-contractual causes of action arising from the procurement of their SFIP should not be dismissed." Rec Doc. 27, p. 9. Moreover, this Court ruled that the Boldens claims that FEMA: (1) "negligently" failed to properly adjust their flood insurance claim; (2) failed to provide or advise them to procure flood insurance; and, (3) failed to inform them of their policy limits are properly characterized as arising out of the contract for flood insurance and were not be dismissed on the basis of the FTCA. Rec Doc. 27, p. 12.

## II. STANDARD OF REVIEW

FEMA filed their motion for summary judgment pursuant to Rule 56, asserting that the Boldens extra-contractual claims should be dismissed as a matter of law. In making its arguments, FEMA relies the recent Fifth Circuit ruling in *Wright v. Allstate Insurance Co.*, — F.3d —, 2007 WL 2636725 (5th Cir. Sept. 11, 2007) ("*Wright II*"). A motion for summary judgment can be granted only when the "'pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.'" *Celotex Corp v. Catrette*, 477 U.S. 317, 322 (1986) (*quoting* FED. R. CIV. PRO. 56(c)). When considering a motion for summary judgment, the district court "will review the facts drawing all inferences most favorable to the party opposing the motion." *Reid v. State Farm Mut. Auto. Ins. Co.*, 784

F.2d 577, 578 (5th Cir. 1986). The court must find "[a] factual dispute . . . [to be] 'genuine' if the evidence is such that a reasonable jury could return a verdict for the nonmoving party . . . [and a] fact [to be] 'material' if it might affect the outcome of the suit under the governing substantive law." *Beck v. Somerset Technologies, Inc.*, 882 F.2d 993, 996 (5th Cir. 1989) (*citing Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)).

Furthermore, "[i]f the moving party meets the initial burden of showing that there is no genuine issue of material fact, the burden shifts to the non-moving party to produce evidence or designate specific fats showing the existence of a genuine issue for trial." *Engstrom v. First Nat'l Bank of Eagle Lake*, 47 F.3d 1459, 1462 (5th Cir. 1995) (*citing Celotex*, 477 U.S. at 322-24, and FED. R. CIV. PRO. 56(e)). The mere argued existence of a factual dispute will not defeat an otherwise properly supported motion. See, *Anderson*, 477 U.S. at 248. "If the evidence is merely colorable, or is not significantly probative," summary judgment is appropriate. *Id.* at 249-50 (citations omitted).

## III. ANALYSIS

FEMA argues that the Boldens remaining claims against it for extra-contractual claims should be dismissed under the Fifth Circuit's ruling in *Wright II*.[1] In *Wright II*, the Fifth Circuit held:

> Our review of the language of the NFIA and the SFIP reveals no express authorization for a policyholder to bring an extra-contractual claim against a WYO insurer. Neither do we perceive any evidence that Congress implicitly intended that policyholders be able to file claims against WYO insurers other than

---

[1] *Wright v. Allstate Insurance Co.*, — F.3d —, 2007 WL 2636725 (5th Cir. Sept. 11, 2007).

>those specifically provided for in the Act. As Wright's extra-contractual claims for fraud and negligent misrepresentation are neither explicitly nor implicitly authorized by the NFIA, the judgment of the district court is AFFIRMED. *Wright v. Allstate Insurance Co.*, — F.3d —, 2007 WL 2636725 at \*6 (5th Cir. Sept. 11, 2007).[2]

The Fifth Circuit reasoned that because "Congress expressly provided a private remedy for policyholders in 42 U.S.C. §§ 4053 and 4072 . . . if he is dissatisfied with the amount of a claim payment . . . it weighs against [Plaintiff's] theory that Congress implicitly intended the courts to fashion additional causes of action." *Id.* at \*5.

In its motion for summary judgment, FEMA first argues that it is not liable for alleged errors in the procurement of the Boldens insurance policy. Additionally, FEMA asserts that the Fifth Circuit's decision in Wright II prohibits extra-contractual "bad faith" claims, and thus, the Boldens extra-contractual claim relating to the procurement of their SFIP should be dismissed. Next, FEMA maintains that the NFIA does not implicitly provide for extra-contractual claims; thus, the Boldens extra-contractual claims arising from the procurement of their SFIP should be dismissed. Finally, FEMA argues that the Boldens claims should be limited to the remedies specifically authorized by 42 U.S.C. § 4072.

In response, the Boldens voluntarily dismissed any and all claims concerning the procurement of their flood insurance policy. Thus, FEMA's first, second, and third arguments relating to procurement of the policy are moot. Furthermore, the Boldens dispute FEMA's argument that their claims should be limited to the remedies in 42 U.S.C. § 4072. Specifically, the Boldens assert that this Court may award attorney's fees and costs if FEMA acted in bad

---

[2] On remand from *Wright I*, the district court denied the plaintiff's motion to amend the complaint to add federal common-law claims for fraud and negligent misrepresentation, the plaintiff appealed, setting the stage for *Wright II*.

faith under the court's inherent authority, or the Equal Access to Justice Act ("EAJA").

The Fifth Circuit in *Wright II* did not address the awarding of attorney's fees and costs under the court's inherent authority, or the EAJA. Thus, FEMA has failed to support its assertion that the Boldens claims are entirely limited to the remedies outlined in 42 U.S.C. § 4072. Accordingly, FEMA's motion for summary judgment is denied on this ground.

**IV. CONCULSION**

For the reasons stated above,

IT IS ORDERED that FEMA's Motion for Summary Judgment is hereby **DISMISSED AS MOOT IN PART, AND DENIED IN PART** (Rec. Doc. 34).

New Orleans, Louisiana this 11th day of October, 2007.

_____
HELEN G. BERRIGAN
UNITED STATES DISTRICT JUDGE