UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| LEROY BOLDEN ET AL. | CIVIL ACTION |
| VERSUS | NO. 06-4171 |
| FEDERAL EMERGENCY MANAGEMENT AGENCY | SECTION "C" (2) |

## ORDER ON MOTIONS

This is a claim by residents of New Orleans whose property was damaged by flood waters that occurred in Hurricane Katrina. Plaintiffs allege that defendant, the Federal Emergency Management Agency ("FEMA"), violated the National Flood Insurance Program by failing properly to adjust their post-Hurricane Katrina flood damage claim under the flood insurance policy issued to them by FEMA.[1] Plaintiffs also seek attorney's fees, if they prevail in this action, under the Equal Access to Justice Act ("EAJA"). FEMA denies that it acted improperly in adjusting plaintiffs' flood insurance claim.

Two discovery motions filed by FEMA are pending before me: (1) a Motion to Compel, Record Doc. No. 46, and (2) a Motion for Protective Order, Record Doc.

---

[1] Plaintiffs' extra-contractual claims were dismissed, either by the presiding district judge, Record Doc. No. 27 at p. 9, or voluntarily by the plaintiffs. Record Doc. No. 35.

No. 44. Having considered the record, the applicable law and the written submissions of counsel, the motions are determined as follows:

I.    DEFENDANT'S MOTION TO COMPEL, RECORD DOC. NO. 46

FEMA's motion to compel is GRANTED. First, plaintiffs' objection that Interrogatory Nos. 1 through 5 seek opinion evidence is overruled. None of FEMA's interrogatories seek opinion evidence and, even if they did, "[a]n interrogatory is not objectionable merely because it asks for an opinion or contention that relates to fact or the application of law to fact." Fed. R. Civ. P. 33(a)(2). "[T]here is no longer any automatic rule that an interrogatory must be disallowed merely because it calls for an opinion or contentions. . . . [M]any legal conclusions do require the application of law to fact and would appear to be proper under the amended rule." 8A C.A. Wright, A.R. Miller & R.L. Marcus, Federal Practice and Procedure § 2167 at 247 (2d ed. 1994).

Second, plaintiffs responded to each of Interrogatory Nos. 1 through 5 by referring to Mr. Bolden's "subsequent correspondence" to FEMA, without specifying any particular document or documents, and to "all adjustments and receipts submitted to FEMA." In their opposition memorandum, plaintiffs clarify that there was only one letter from Mr. Bolden to FEMA, dated February 24, 2006. Plaintiffs must amend their answers to all five interrogatories to clarify that this is the only letter to which their responses refer.

Furthermore, plaintiffs acknowledge in their memorandum that no "adjustments and receipts" were actually submitted to FEMA. Plaintiffs must amend their answers to all five interrogatories to specify exactly what documents were submitted to FEMA upon which they rely in responding to these interrogatories. See Fed. R. Civ. P. 33(d)(1) (a responding party who refers a discovering party to its business records for an answer to an interrogatory must answer by "<u>specifying</u> the records that must be reviewed, in <u>sufficient detail</u> to enable the interrogating party to locate and identify them as readily as the responding party could") (emphasis added).

Finally, plaintiffs' answers to Interrogatory Nos. 1 through 5 are evasive and do not fulfill their obligation to answer each interrogatory "separately and fully in writing under oath." Fed. R. Civ. P. 33(b)(3). Plaintiffs must amend their answers to provide narrative responses that fairly address the substance of each question.

As to FEMA's Requests for Production Nos. 1 through 4, plaintiffs' responses of "see attached" are vague, evasive and insufficient in that they fail to comply with Fed. R. Civ. P. 34(b), which requires that, "[f]or each item or category, the response must either state that inspection and related activities will be permitted as requested or state an objection to the request" and that a "party must produce documents as they are kept in the usual course of business <u>or must organize and label</u> them to correspond to the categories in the request." Fed. R. Civ. P. 34(b) (emphasis added). The vague response

3

"see attached" fails to assure either defendant or the court that <u>all</u> responsive materials have been produced and fails to provide the requisite organization and labeling of produced materials. Plaintiffs must provide new written responses to these requests, clearly stating that <u>all</u> responsive materials have been produced and identifying what specific documents are responsive to each separate Request for Production.

In addition, plaintiffs concede in their memorandum that no receipts, invoices or cancelled checks were produced in response to Request for Production No. 1, but state that they have made and paid for some repairs. Plaintiffs must specifically identify which "estimates were paid, and, so, are in fact invoices," Record Doc. No. 48, at p.4, and must produce all cancelled checks for such payments.

Finally, plaintiffs admit that their answers to interrogatories were not verified by the person making them, as required by Fed. R. Civ. P. 33(b)(1) and (3). Accordingly, plaintiffs are **HEREBY ORDERED** to provide the supplemental responses to defendant's discovery requests ordered above, with the required verification of all interrogatory answers, in accordance with Fed. R. Civ. P. 33 and 34, and to make all responsive documents available to defendant's counsel within ten (10) days of entry of this order.

II.     MOTION FOR PROTECTIVE ORDER, RECORD DOC. NO. 44

FEMA's motion for a protective order, Record Doc. No. 44, is DENIED. FEMA designated James Sadler, Director of Claims, National Flood Insurance Program, as its Rule 30(b)(6) representative, and plaintiffs conducted that deposition on November 15, 2007. FEMA seeks a protective order to preclude plaintiffs from engaging in any further discovery concerning "the adjustment practices to the flood policy after Hurricane Katrina into this area," which FEMA contends are irrelevant to plaintiffs' remaining claims, and from deposing David Maurstad, FEMA's Assistant Administrator for the Mitigation Directorate and the Federal Insurance Administrator, as an additional Rule 30(b)(6) representative. Alternatively, FEMA asks the court to order plaintiffs to describe specifically what they mean by "the adjustment practices to the flood policy after Hurricane Katrina," state why Sadler did not provide the information that plaintiffs seek, state why the independent adjuster who handled plaintiffs' claim would not be the most appropriate witness and allow FEMA to designate the appropriate Rule 30(b)(6) representative to testify about the remaining issues.

Under Fed. R. Civ. P. 26(c), FEMA must show good cause for a protective order. Thus, a party who seeks a protective order has a burden to make "a particular and specific demonstration of fact as distinguished from stereotyped and conclusory statements," In re Terra Int'l, Inc., 134 F.3d 302, 306 (5th Cir. 1998), in support of its motion.

5

FEMA argues that Sadler already testified that the only policy change made by FEMA to its adjusting policies after Hurricane Katrina was an extension of the deadline to file a proof of loss. Furthermore, FEMA contends that Maurstad's responsibilities as Assistant Administrator for the Mitigation Directorate and the Federal Insurance Administrator and his status as a presidentially appointed, "high ranking government official" preclude routine depositions such as plaintiffs seek in this case.

Plaintiffs respond that Sadler testified that Maurstad issued a directive and would know why FEMA used different adjusting practices for Write-Your-Own ("WYO") insurance carriers handling Hurricane Katrina flood claims and for FEMA's direct insurance policies issued to policyholders like plaintiffs, whose properties had previously been designated as "repetitive loss." Thus, plaintiffs contend that FEMA allowed WYO properties to be declared a total loss, depending on their location and the known depth of the flood water, without having an adjuster inspect the property, while FEMA required an inspection and actual damages adjustment for its direct insureds, regardless of their property's location and the water depth. Plaintiffs argue that the reasonableness and consistency of FEMA's adjustment practices are relevant to their claim for attorney's fees under the EAJA. 28 U.S.C. § 2412(d)(1)(A). The presiding district judge has held that plaintiffs may be able to recover attorney's fees "if they can prove that FEMA's conduct rose to the necessary levels of bad faith, vexatiousness, wantonness, or oppressiveness.

6

Also, they may be entitled to attorneys fees under the EAJA if FEMA's actions were not justified to a degree to satisfy a reasonable man." Record Doc. No. 27 at p. 9.

The United States Supreme Court has recognized "the fundamental principle that the public . . . has a right to every man's evidence," University of Pa. v. Equal Employment Opportunity Comm'n, 493 U.S. 182, 189 (1990) (quotation omitted). However, the Fifth Circuit has held that high ranking government officials are protected from routine depositions.

> It is a settled rule in this circuit that "exceptional circumstances must exist before the involuntary depositions of high agency officials are permitted." In re Office of Inspector General, 933 F.2d 276, 278 (5th Cir. 1991) (per curiam) (citing EEOC v. K-Mart, 694 F.2d 1055, 1067-68 (6th Cir. 1982)). "[T]op executive department officials should not, absent extraordinary circumstances, be called to testify regarding their reasons for taking official actions." Id. (quoting Simplex Time Recorder Co. v. Secretary of Labor, 766 F.2d 575, 586 (D.C. Cir. 1985)). "High ranking government officials have greater duties and time constraints than other witnesses." In re United States, 985 F.2d 510, 512 (11th Cir. . . . 1993). "[T]he Supreme Court has indicated that the practice of calling high officials as witnesses should be discouraged." Id. (citing United States v. Morgan, 313 U.S. 409 . . . (1941)).

In re Federal Deposit Ins. Corp., 58 F.3d 1055, 1060 (5th Cir. 1995).

Thus, the Fifth Circuit in In re Federal Deposit Ins. Corp. held that the trial judge erred by failing to quash deposition subpoenas issued to the Acting Chairman of the F.D.I.C., the Comptroller of the Currency and the Acting Director of the Office of Thrift Supervision. Id. at 1059-60. Similarly, in Simplex Time Recorder Co., the appeals court

7

affirmed the trial court's striking from Simplex's witness list of four "top Department of Labor officials," namely, the Solicitor of Labor, the Secretary of Labor's Chief of Staff, the Regional Administrator for the Occupational Safety and Health Administration ("OSHA) and OSHA's Area Director. Simplex Time Recorder Co., 766 F.2d at 580, 587; see also In re United States, 197 F.3d 310, 314 (8th Cir. 1999) (quashing subpoenas issued to the United States Attorney General and the Deputy Attorney General); In re United States, 985 F.2d at 512 (quashing subpoena issued to the Commissioner of the Food and Drug Administration).

    FEMA has provided no evidence to support its conclusory statements concerning Maurstad's knowledge, responsibilities and status as a supposedly high ranking official. On the contrary, the descriptions of Maurstad's title, duties and responsibilities contained in FEMA's motion papers convince me that Maurstad does not rise to the level of "high" agency official, like those described in the preceding paragraph, and that he should not be excused from providing what appears to be highly relevant information in this case. Thus, FEMA has not carried its burden to show good cause for the issuance of the protective order it seeks. See In re Terra, 134 F.3d at 306 (when defendant "made nothing more than a conclusory allegation" to support its request for a protective order and did not support its motion "with any affidavits or other evidence that might provide

8

support for this simple assertion," trial court abused its discretion by issuing protective order).

FEMA is correct that plaintiffs cannot designate the proper FEMA representative to testify concerning a particular topic. Fed. R. Civ. P. 30(b)(6). However, Sadler has specifically identified Maurstad as the person with knowledge concerning FEMA's adjustment practices following Hurricane Katrina, a relevant area of testimony which Sadler admitted he could not address. Specifically, Sadler testified that "I don't know" why FEMA required individualized inspections to adjust claims by policyholders like the Boldens, rather than making claim adjustments based solely on the geographic location and water depth, as it did with "write your own" flood insurance policyholders. He testified that Maurstad "issued that directive" and would know "why it was implemented and who it was implemented to." Plaintiffs' Exh. B, Sadler deposition at pp. 106-07. FEMA must designate a person to "testify about information known or reasonably available to the organization." Id. Based on Sadler's testimony, that person is Maurstad.

Accordingly, FEMA must produce Maurstad for a continued Rule 30(b)(6) deposition on a date to be arranged by counsel, no later than the previously imposed discovery deadline in this case. The remainder of defendant's motion for protective order is denied.

Finally, plaintiffs request in their opposition to defendant's motion that the court enforce its order that defendant must pay to plaintiffs $450 in reasonable costs and fees in connection with plaintiffs' prior motion to compel. Record Doc. No. 38, at p.2. Accordingly, **IT IS ORDERED** that defendant must pay plaintiffs $450 within ten (10) days of entry of this order.

New Orleans, Louisiana, this  14th  day of January, 2008.

JOSEPH C. WILKINSON, JR.
UNITED STATES MAGISTRATE JUDGE