UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **LEROY BOLDEN AND** | **CIVIL ACTION** |
| **MARIAN BOLDEN** | |
| | |
| **VERSUS** | **NO. 06-4171** |
| | |
| **FEDERAL EMERGENCY** | **SECTION: "C" (2)** |
| **MANAGEMENT AGENCY** | |

## ORDER AND REASONS

This matter comes before the Court on a motion to Appeal the Magistrate Judge's January 16, 2008 Order, filed by the defendant, Federal Emergency Management Agency ("FEMA") (Rec. Doc. 60). FEMA seeks to have this Court reverse the Magistrate's decision denying a protective order. The plaintiffs, Leroy and Marian Bolden ("Boldens") argue that this Court should uphold the Magistrate's order. The motion is before the court on the briefs without oral argument. Having considered the memoranda and arguments of counsel, the record, and the applicable law, the Court decides the motion as follows.

**I. BACKGROUND**

The background facts have previously been described by this Court in its orders disposing of FEMA's prior motions for summary judgment (Rec Docs. 27 & 43). Briefly, the

Boldens purchased a Standard Flood Insurance Policy ("SFIP") from FEMA to insure their property. The policy was in effect on August 29, 2005 when the Boldens' property sustained flood damage as a result of Hurricane Katrina. FEMA has made flood insurance payments to the Boldens; yet, the Boldens maintain that they were not fully compensated for their losses under the policy. As a result, the Boldens filed this action alleging that FEMA repeatedly misadjusted their insurance claim.

## II. STANDARD OF REVIEW

A district court may only reverse a Magistrate Judge's ruling where the court finds the ruling to be "clearly erroneous or contrary to law." Fed. R. Civ. Pro. 72(a); *Castillo v. Frank*, 70 F.3d 382 (5th Cir. 1995). "This highly deferential standard requires the court to affirm the decision of the Magistrate Judge unless 'on the entire evidence [the court] is left with a definite and firm conviction that a mistake has been committed.'" *Benoit v. Nintendo of American*, 2001 WL 1524510, *1 (E.D.La. 2001) (citing *United States v. United States Gypsum Co.*, 333 U.S. 364 (1948)). A motion to review is appropriate when a Magistrate Judge has obviously misapprehended a party's position, the facts, or the applicable law, or when the party produces new evidence that could not have been obtained through the exercise of due diligence." *Gaffney v. U.S. Dep't of Energy*, 2000 WL 1036221, *2 (E.D.La. 2000).

## III. LAW & ANALYSIS

In their motion seeking reversal of the Magistrate's order, FEMA argues that the Magistrate erroneously ruled that David I. Maurstad, FEMA's Assistant Administrator for

Mitigation, does not qualify for protection from giving deposition testimony as a "high level government official." FEMA acknowledges that "there is not much authority on the type of positions which qualify as a 'high level government official.'" Rec. Doc. 60, p. 4 (quoting *Central Valley Chrysler Jeep, Inc. v. Witherspoon*, 2006 WL 2619962, at *2 (E.D. Cal. 2006).[1]

In *Central Valley*, the court reaffirmed the well established proposition that courts have "very wide discretion, even in the context of high government official depositions, in handling pretrial discovery." *Id.* at *1. Additionally, the *Central Valley* court stated that the policy supporting the preclusion of high ranking government officials from giving deposition testimony is that they have "greater duties and time constraints than other witnesses" and they "should not, absent extraordinary circumstances, be called to testify regarding their reasons for taking official actions." *Id.* (citing *In re United States*, 985 F.2d 510, 512 (11th Cir.1993) (precluding deposition of Dr. David Kessler, Commissioner of the FDA).

In *Kyle Engineering*, the court stated, "heads of government agencies are not normally subject to deposition." *Kyle Engineering Co. v. Kleppe*, 600 F.2d 226, 231 (9th Cir. 1979). FEMA provides an illustrative list of "high level officials" in their memorandum: the Board of Directors of the Federal Deposit Insurance Corporation, the Commissioner of the FDA, the Inspector General of the Railroad Retirement Board, the director of the Small Business Administration, the Under Secretary for International Trade, three assistants to the President, and the Chairman of the EEOC.

FEMA asserts that David Maurstad is both the Assistant Administrator for the Mitigation

---

[1] *Central Valley* held that the Chief Deputy Executive Officer of the California Air Resources Board was not a "high level official," but that the Executive Officer for the California Air Resources Board was a "high level official").

Directorate <u>and</u> the presidentially appointed Federal Insurance Administrator. FEMA also notes that courts have held that presidentially appointed officials are "high level officials" afforded protection from giving deposition testimony. However, only Maurstad's position as FEMA's Assistant Administrator for Mitigation, not his presidentially appointed position, seems relevant to this case. Indeed, in the excerpts of the Sadler Deposition, provided in the Bolden's memorandum (Rec. Doc. 64), the Boldens sought an explanation regarding a FEMA directive, and they were told that David Maurstad possessed the information. Thus, FEMA's assertion that the Boldens have "not shown that the information they seek from Mr. Maurstad cannot be obtained from elsewhere" is unconvincing.

Moreover, with regard to David Maurstad's position within FEMA, the government has attached an organizational chart showing that Maurstad, as Assistant Administrator, is at the top of the Mitigation Directorate branch of FEMA. However, it is reasonable to infer that the Mitigation Directorate branch is one FEMA's many sections. Thus, Maurstad's position does not seem to be sufficiently analogous to the Director of the Federal Deposit Insurance Corporation, the Commissioner of the FDA, the Inspector General of the Railroad Retirement Board, the director of the Small Business Administration, the Under Secretary for International Trade, three assistants to the President, or the Chairman of the EEOC to qualify as a "high government official." Accordingly, FEMA has not demonstrated that the Magistrate's Order was clearly erroneous or contrary to law.

**IV. CONCULSION**

For the reasons stated above,

IT IS ORDERED that FEMA's Motion for review of the Magistrate's Order is **DENIED** (Rec. Doc. 60).

New Orleans, Louisiana this 15th day of February, 2008.

HELEN G. BERRIGAN
UNITED STATES DISTRICT JUDGE